JACOBSON, Chief Judge,
dissenting:
I do not disagree with the majority’s legal conclusion that the trial judge committed technical error in failing to articulate on the record the reason for a sentence which exceeded the presumptive sentence. This is legislatively mandated and the failure to comply was error. Where I part company with the majority is in its elevation of this type of error to a status not enjoyed even where error of constitutional dimension is involved — that such technical error can never be harmless and even hints that compliance may be jurisdictional.
In essence, is remand for sentencing under the circumstances of this case really necessary? Or, are we merely satisfying our own judicial philosophy as to the proper role of the judiciary in the sentencing process? Under the circumstances of this case, I would find that the error complained of was harmless beyond a reasonable doubt.
The circumstances which lead me to this conclusion, in addition to the facts set forth in the majority opinion, are that at the time the defendant’s plea was taken extensive discussion was had with the defendant concerning the agreed to sentence of 10 years. (The thoroughness of the plea taking and personalization of that process to the defendant is a model worthy of emulation by other trial judges.)
It is clear that at the conclusion of the plea taking, the defendant was thoroughly satisfied with all aspects of the plea agreement, including the stipulated sentence. In fact, the defendant personally desired to be sentenced at that time and waived a presentence report. This was objected to by the state and a presentence report was prepared.
At the time of sentencing, the judge indicated that she had read the presentence report which contained a history of criminal activity extending back over the last 16 years, included 3 incarcerations in prison, one probation and 3 incarcerations in jail. The presentence report states:
In considering the sentencing alternatives available to the court, this writer did review the plea agreement and the stipulated sentence of ten years in prison. This writer feels that this offers an appropriate disposition in the cause. The defendant has a history of prior incarcer *200 ation and criminal involvement which have not been deterred by short-term incarcerations or other penalties. Additionally, because of the potential of harm to the victim, a more significant punishment ought to be imposed.
The presentence report also revealed that the victim (an alleged prostitute) could not be located. Also, between the time the defendant entered his plea and sentencing, the defendant’s partner in crime who had originally pled not guilty and who had urged the defendant not to testify, had himself pled guilty and received a ten year sentence.
At the time of sentencing, the defendant’s request to withdraw his plea of guilty was heard by the trial judge who carefully explained why she was denying the defendant’s request to withdraw the plea. This led to the following exchange between the court, defendant’s counsel and the defendant:
THE COURT: Are there comments that you would wish to make in view of the agreement?
MR. EDGAR: I would encourage the Court to follow the agreement, Your Honor.
THE DEFENDANT: Can I say something else?
THE COURT: Surely. Mr. Holstun, are there comments that you would wish to make?
THE DEFENDANT: I understand that my partner, he has taken the same plea bargain, 10 years, and is his hard time or soft time?
THE COURT: I don’t remember.
THE DEFENDANT: In other words, you’re trying us both and giving us both 10 years?
THE COURT: That’s true because that’s the agreement you signed.
THE DEFENDANT: That’s one reason why I’m going to appeal it, because he’s getting 10 years and I’m getting 10 years and it’s like saying, well, I did the same thing he did.
MR. EDGAR: If I can interject a point here in assisting the defendant to understand. It’s my understanding this partner in this case does not have any serious criminal record. It’s also my understanding that the defendant has been sentenced to prison on three different occasions and his record is really the significant part that he entered the plea and the reason for my advice in entering the plea, and that’s the reason for similarity in sentences. The other man has no record and this defendant has a substantial record. I don’t know if that clarifies it for you. I’m sure I explained it to you before.
THE DEFENDANT: My records, I have looked at it too, and none of my records are dangerous. They are all little petty stuff that don’t amount to anything. I have looked at every single one of my charges, three months, one month, and none of them are non-dangerous — I mean, dangerous crimes. Every single time I have been charged with a crime, I have never been given a chance for anything. They always say, throw him in jail. They don’t want to give me a chance. They don’t want to give me— just give me my five years probation and see what he can do.
I have a wife and a child at home that loves me very much and would like very much for me to come home to them. I have been getting two, three letters a week stating if there’s any way possible, if you get any time up there for your crime, could you have it transferred up there, but no, nobody wants to say that, nobody. The only thing you want to do is just throw me in jail.
THE COURT: Mr. Holstun, one thing I do understand and in understanding that, I think it ought to be placed on the record one of the indicia of growing up, being an adult, is to live with the things you’ve done.
Contrary to the majority opinion that this exchange evidences an undue emphasis by the trial judge on the plea agreement, it is clear, at least to me, that the trial judge had fully considered the matter and was dealing with a defendant who had a severe *201 attack of “buyer’s remorse,” especially since the victim might not be available to testify. Moreover, defendant’s counsel had fully explained on the record the circumstances leading to the aggravated sentence, all of which justified that aggravation.
I need only add that no objection was made to the trial court’s failure to articulate aggravating factors. In my opinion, a remand for resentencing would be a waste of time and effort as the transcript in this matter fully supports an aggravated sentence under the factors listed in A.R.S. § 13-702. I would therefore hold that, based upon this record, the technical error complained of is harmless beyond a reasonable doubt. See State v. Lawrence, 123 Ariz. 301, 599 P.2d 754 (1979); Ariz. Const. art. 6, § 27.